UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| ARTHUR FLEMMING MOLER, | ) |
| Plaintiff, | ) Civil Action No. 6:19-CV-205-CHB |
| v. | ) |
| | ) **MEMORANDUM OPINION AND** |
| BENJAMIN STEVEN POTTER, et al., | ) **ORDER DISMISSING AMENDED** |
| | ) **COMPLAINT** |
| Defendants. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Arthur Flemming Moler is a federal prisoner formerly confined at the Forrest City Low Federal Correctional Institution in Forrest City, Arkansas. Proceeding without an attorney, Moler has filed an amended complaint asserting claims under Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.*, and *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [R. 12]

The Court has granted Moler's motion to proceed *in forma pauperis* by prior Order. [R. 7] Thus, the Court must conduct a preliminary review of Moler's complaint because he has been granted permission to pay the filing fee in installments and because he asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court evaluates Moler's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003).

At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). However, the principles requiring generous construction of *pro se* pleadings are not without limits. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Wilson v. Lexington Fayette Urban County Government*, No. 07-CV-95-KSF, 2007 WL 1136743 (E.D. Ky. April 16, 2007). A complaint must set forth claims in a clear and concise manner, and must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hill*, 630 F.3d at 470. *See also* Fed. R. Civ. P. 8. In addition, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555.

## I.

Moler's amended complaint alleges that, on or around February 16, 2018, Moler was placed in the Special Housing Unit ("SHU") at the United States Penitentiary ("USP")-McCreary prior to being transferred to Federal Correctional Institution ("FCI")-Oakdale, in Oakdale, Louisiana. [R. 12 p. 2; R. 12-1] He alleges that the "SHU-Guards" confiscated his personal property and, notwithstanding Bureau of Prisons ("BOP") regulations that packages for transferred inmates shall be shipped within 72 hours, he did not see his property again until June 8, 2018. [R. 12 p. 2] He further alleges that, based on BOP documents provided to him, his property was not inventoried and recorded until May 4, 2018. According to Moler, when he received his property in June 2018, his legal notes had been removed "from clearly marked envelopes and discarded to conceal personal involvement in actions filed by Moler." [*Id.*]

Moler alleges that, as a result of the mishandling of his personal property, he has incurred damages totaling $305.35, for which he seeks reimbursement. [*Id*. at p. 3]

Moler further alleges that he filed an Administrative Tort Claim (FTCA Claim # TRT-MXR-2018-06315) seeking reimbursement from the United States pursuant to the FTCA. However, he states that the Defendants improperly treated his claim as a claim made pursuant to 31 U.S.C. § 3723, which does not provide for judicial review and leaves "all review solely to the discretion of the Bureau of Prisons." [*Id*. at p. 4] While the United States responded to Moler's construed § 3723 claim and denied his claim, Moler disputes the factual basis for the denial. [*Id*. at p. 4] Moler alleges that he attempted to amend his FTCA claim, but staff gave him the § 3723 form. [*Id*. at p. 5] According to Moler, § 3723 does not provide the remedy for lost inmate property, is intended instead for employee claims, and the BOP's misrepresentation of § 3723 violates his due process rights. [*Id*. at p. 5]

In his amended complaint, Moler seeks to pursue his claims related to his lost property pursuant to the FTCA. [*Id*. at p. 6] He also claims that his Fifth Amendment due process rights have been violated "through the congressional application of the Administrative Procedures Act 'APA' providing for the implementation of Codes of Federal Regulations 'CFR's' and the Policies and Procedures of the BOP which govern the safekeeping and care, safety and rights of incarcerated individuals, to coincide with those statutes provided by Congress as requisites for the BOP to meet." [*Id*. at p. 6] As relief, he seeks $305.35 in monetary damages from the United States of America with respect to his lost property claim and unspecified monetary damages from prison administrative officials Benjamin Steven Potter (identified as the "Officer in Charge" at USP-McCreary), unknown USP-McCreary guards, Deputy Counsel of the BOP's

Mid-Atlantic Regional Office Carlos Martinez, Regional Counsel of the BOP's Mid-Atlantic Regional Office Matthew Mellady, and BOP Director Mark Inch.

## II. A.

Having reviewed Moler's claims, the Court concludes that the BOP properly considered his lost or damaged property claim under § 3723, and that its refusal to settle that claim is not subject to judicial review in this Court. In this case, Moler seeks to pursue his property claim under the FTCA instead of § 3723. The FTCA constitutes a limited waiver of the sovereign immunity enjoyed by the United States. The jurisdictional provision of the FTCA provides that:

> . . . the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). This provision permits an action against the United States for negligent or intentional acts committed by its employees during the course of their employment, *Fitch v. United States*, 513 F.2d 1013 (6th Cir. 1975), so long as the administrative procedures outlined in its provisions are satisfied.

However, there are exceptions to the negligence claims that may be pursued against the United States pursuant to the FTCA. Relevant to this case is the exclusion of "[a]ny claim arising in respect of . . . the detention of any goods, merchandise, or other property by any officer of customs or excise *or any other law enforcement officer*." 28 U.S.C. § 2680(c) (emphasis added). The United States Supreme Court has held that this language bars a federal prisoner's FTCA claim arising out of the loss of personal property during a transfer between federal prisons. *Ali v. Federal Bureau of Prisons*, 552 U.S. 214, 219–21 (2008). Because Moler's claim is one "in respect of...the

detention of any...property by...any other law enforcement officer," under *Ali*, it falls within the scope of § 2680(c)'s exemption to liability under the FTCA. *Id.* His FTCA claim must therefore be dismissed for lack of subject matter jurisdiction. *Jones v. United States*, No. 09-CV-164-ART, 2009 WL 2602693 (E.D. Ky. Aug. 24, 2009). *See also Edkins v. United States*, No. 13-CV-14421, 2015 WK871587, at *2–3 (E.D. Mich. Feb. 27, 2015); *Ysassi v. Spalding*, No. 3:CV-14-2372, 2015 WL 269143, at *3 n.2. (M.D. Pa. Jan. 21, 2015).

Because Moler's claim was plainly not cognizable under the FTCA, the BOP properly chose to consider his request for settlement as falling under 31 U.S.C. § 3723(a). Contrary to Moler's apparent misunderstanding of § 3723, Section 3723 is the administrative remedy authorized by Congress for prisoners whose property is wrongfully lost or damaged. 31 U.S.C. § 3723. Pursuant to § 3723(a)(1), the head of a federal agency has authority to settle "a claim for not more than $1,000 for damage to, or loss of, privately owned property that … is caused by the negligence of an officer or employee of the United States Government acting within the scope of employment." *Id.* *See also Ali*, 552 U.S. at 228, n.7. Section 3723, which is part of the Military Personnel and Civilian Employees' Claims Act, provides no mechanism for judicial review of the agency head's decision not to settle a claim. 31 U.S.C. § 3721(k). *Cf. United States v. Norwood*, 602 F. 3d 830, 836 (7th Cir. 2010) ("We note the absence of judicial review of the Attorney General's decision on whether or on what terms to settle a claim [under 31 U.S.C. § 3724(b)]…In other words, victims of torts by federal law enforcement agents are remitted to an administrative remedy that is final."). *See also Williams v. Hanson*, No. 4:16-CV-155, 2016 WL 8674653, at *2 (N.D. Ohio Apr. 29, 2016) ("An agency's decision under § 3723, however, is not subject to judicial review."); *Wardell v. United States*, No. 11-CV-277-KSF, 2013 WL 4785989, at *6 (E.D. Ky. Sept. 4, 2013) (agency decision on claim for property loss under 31 U.S.C. § 3723 is not subject

to judicial review). Thus, the BOP's denial of Moler's claim is not subject to judicial review, and his claim must be dismissed. *Adeyi v. FCI Fort Dix Health Srvcs.*, No. 09-5316(JBS/JS), 2012 WL 2076520, at *5 (D.N.J. June 7, 2012) ("the BOP's decision to settle or not settle Plaintiff's claim is not subject to judicial review.") (*citing Merrifield v. United States*, 14 Cl.Ct. 180, 184 (1988)); *Madrigal-Negrette v. Lappin*, No. 12-CV-14012, 2012 WL 5843182, at *2 (E.D. Mich. Nov. 2, 2012), *report and recommendation adopted*, No. 12-CV-14012, 2012 WL 5843170 (E.D. Mich. Nov. 19, 2012) ("[C]ourts have long held that the statute was written in such a way as to make the agency's determination of claims final and conclusive, with no provision for review by the federal courts.").

## B.

Turning to Moler's constitutional due process claims, Moler's amended complaint fails to state a claim for which relief may be granted. Moler's constitutional claims may only be pursued under the doctrine of *Bivens*, which held that an individual may "recover money damages for any injuries...suffered as a result of [federal] agents' violation of" his constitutional rights. *Bivens*, 403 U.S. at 397. However, while *Bivens* authorizes suits against federal employees for violations of civil rights, it does not waive the sovereign immunity enjoyed by the United States and its agencies. *Ctr. for Bio–Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 370 (6th Cir. 2011) (*Bivens* claims may be asserted against federal officials only in their individual capacities); *Okoro v. Scibana*, 63 F. App'x 182, 184 (6th Cir. 2003). Thus, Moler may not bring a *Bivens* claim against the United States or the BOP, which is an agency of the United States. *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 72 (2001).

With respect to his claims against the individual Defendants, while *Bivens* expressly validated the availability of a claim for damages against a federal official in his or her individual

capacity, an officer is only responsible for his or her own conduct. *Iqbal*, 556 U.S. at 676–77 (2009). *See also Ziglar v. Abbasi*, 137 S.Ct. 1843, 1860 (2017). The mere fact of supervisory capacity is not enough: an official must be personally involved in the conduct complained of because *respondeat superior* is not an available theory of liability. *Polk County v. Dodson*, 454 U.S. 312, 325–26 (1981). *See also Iqbal*, 556 U.S. at 677 ("[i]n a § 1983 suit or a *Bivens* action—where masters do not answer for the torts of their servants—the term 'supervisory liability' is a misnomer."). Rather, in order to recover against an individual defendant in a *Bivens* action, the plaintiff "must allege that the defendant [was] personally involved in the alleged deprivation of federal rights." *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (*citing Rizzo v. Goode*, 423 U.S. 362, 373–77 (1976)). Indeed, "[e]ven a pro se prisoner must link his allegations to material facts…and indicate what each defendant did to violate his rights…" *Sampson v. Garrett*, 917 F.3d 880, 882 (6th Cir. 2019) (citing *Hill*, 630 F.3d at 471; *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)).

Moler's complaint fails to comply with these requirements with respect to any of the individual Defendants. Rather, Moler's claims are based on his allegations that each of these individual Defendants improperly responded to his FTCA claim. However, *Bivens* liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *Nwaebo*, 100 F. App'x at 369 (citing *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir. 1999)).

Finally, Moler's due process claim fails on substantive grounds. Moler's amended complaint alleges property loss due to the negligent or intentional acts of unidentified prison staff. However, mere negligence by government officials resulting in the loss of property is not sufficient to state a viable claim for a violation of due process rights. *Daniels v. Williams*, 474

U.S. 327, 330-32 (1986) (overruling in part *Parratt v. Taylor*, 451 U.S. 527 (1981)).  Even the intentional confiscation or destruction of personal property does not offend due process where there are adequate post-deprivation remedies available to compensate the plaintiff.  *Hudson v. Palmer*, 468 U.S. 517, 531–34 (1984).  As such a remedy is available under § 3723, the requirements of due process are satisfied.

Because the Court does not have subject matter jurisdiction over Moler's FTCA claim, and because the remainder of Moler's amended complaint fails to state a claim for which relief may be granted, Moler's complaint will be dismissed.

Accordingly, it is hereby **ORDERED** as follows:

1. Moler's Amended Complaint **[R. 12]** is **DISMISSED WITH PREJUDICE**.

2. All pending requests for relief are **DENIED AS MOOT**.

3. The Court will enter an appropriate Judgment.

4. This matter is **STRICKEN** from the Court's docket.

This the 13th day of May, 2020.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY